Honorable Jeremy Randolph Lewis County Prosecuting Attorney 360 NW North Street Chehalis, WA 98532-1900
Dear Prosecutor Randolph:
By letter previously acknowledged, you have requested our opinion on two questions, which we paraphrase as follows:
 If a fire protection district issues non-voted, limited tax general obligation bonds, and a code city subsequently annexes a portion of the district, does the district retain the authority to levy and collect taxes on the annexed property for the purpose of repaying the bonds?
 BRIEF ANSWER
When a fire protection district issues a general obligation bond, the bond is secured by the financial resources and taxing authority of the district. If a code city annexes the property within the fire protection district while the bond is still outstanding, the fire protection district retains the ability to levy taxes on the property to enable the district to repay the debt.
 ANALYSIS
Fire protection districts are permitted to issue general obligation bonds pursuant to RCW 52.16.061. That statute states:
 The board of fire commissioners of the district shall have authority to contract indebtedness and to refund same for any general district purpose, including expenses of maintenance, operation and administration, and the [original page 2]
acquisition of firefighting facilities, and evidence the same by the issuance and sale of general obligation bonds of the district payable at such time or times not longer than twenty years from the issuing date of the bonds. Such bonds shall be issued and sold in accordance with chapter 39.46 RCW. Such bonds shall not exceed an amount, together with any outstanding nonvoter approved general obligation indebtedness, equal to three-eighths of one percent of the value of the taxable property within the fire protection district, as the term "value of the taxable property" is defined in RCW 39.36.015.
A general obligation bond is a "municipal bond secured by the financial resources, including the taxing and additional credit capacity, of the issuing municipality." Contemporary Dictionary Handbook of Economic Finance Statistics 71 (1992). When there are limits on the tax rates that can be levied to support the debt, the bond is referred to as a limited tax general obligation bond. See Standard Poor's Public Finance Criteria 2005, at 56, available at http://www2.standardandpoors.com/servlet/Satellite?pagename=sp/Page/HomePg (visited March 14, 2006).
RCW 52.16.061 provides that fire protection district bonds are issued and sold in accordance with RCW 39.46. RCW 39.46.020(1) defines the term "bond" as:
 [A]ny agreement which may or may not be represented by a physical instrument, including notes, warrants, or certificates of indebtedness, that evidences an indebtedness of the state or a local government or a fund thereof, where the state or local government agrees to pay a specified amount of money, with or without interest, at a designated time or times to either registered owners or bearers, including debt issued under chapter 39.50 RCW.
General obligation bonds are issued pursuant to the limitations contained in RCW 39.46.110(2), which states:
 General obligation bonds constitute an indebtedness of the local government issuing the bonds that are subject to the indebtedness limitations provided in Article VIII, section 6 of the state Constitution and are payable from tax revenues of the local government and such other money lawfully available and pledged or provided by the governing body of the local government for that purpose. Such governing body may pledge the full faith, credit and resources of the local government for the payment of general obligation bonds. The payment of such bonds shall be enforceable in mandamus against the local government and its officials. The officials now or hereafter charged by law with the duty of levying taxes pledged for the payment of general obligation bonds and interest thereon shall, in the manner provided by law, make an annual levy of such taxes sufficient together with other moneys lawfully available and pledge [pledged] therefor to meet the payments of principal and interest on the bonds as they come due.
 [original page 3] When a fire protection district issues a limited tax general obligation bond, the district is indebted. The security for the bond is the district's financial resources, including its ability to tax property within the fire protection district. If the bond is not paid, the remedy is to enforce the bond against the district and its officials. RCW 39.46.110(2). A writ of mandamus can be issued, requiring the fire protection district and its officials to levy taxes in order to pay the bond obligation. Id.
The Legislature has recognized that after a fire protection district issues a bond, property within the district may be annexed by a code city. RCW 35A.14.500 states:
 Outstanding indebtedness not affected. When any portion of a fire protection district is annexed by or incorporated into a code city, any outstanding indebtedness, bonded or otherwise, shall remain an obligation of the taxable property annexed or incorporated as if the annexation or incorporation had not occurred.
The statute makes no exceptions. When a fire protection district is annexed by a code city, all indebtedness, including bonds, remains the obligation of the taxable property annexed, as if the annexation had not occurred. Investors retain the ability to collect on the bond by filing a mandamus action, requiring the fire protection district and its officials to levy taxes on the property that the district had the ability to tax when the bond was issued.
We trust that the foregoing will be useful to you.
Sincerely,
 ROB McKENNA Attorney General
 ANNE E. EGELER Senior Counsel